UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

**Todd Kempf individually and on behalf of all others similarly situated,**

                       Plaintiff,

v.

**Vital Recovery Services, LLC**

                       Defendants.

_____

No. **18 cv 5344**

CLASS ACTION

Jury Demanded

### Class Action Complaint for
### Violations of the Fair Debt Collection Practices Act

1. Plaintiff Todd Kempf ("Plaintiff" or "Kempf") files this Complaint seeking redress for the illegal practices of Defendant Vital Recovery Services, LLC (hereinafter, Vital), in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. Among other violations, Defendant has violated the Plaintiff and the putative class members' rights under the FDCPA by charging illegal interest and/or fees and by failing to provide consumers with the notices to which they are entitled by statute thereby depriving Plaintiff of his full ability to resolve the alleged debts.

### Parties

1

3. Plaintiff Todd Kempf is a citizen of New York State who resides within this District.

4. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

5. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was incurred for personal goods and services, no part of which were related to a business.

6. Defendant is regularly engaged in the collection of debts allegedly due to others.

7. The principal purpose of the Defendant is the collection of debts.

8. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

### Jurisdiction and Venue

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

12. Venue is also proper in this district since Defendant transacts business in this district.

## Factual Allegations

13. Defendant alleges that Plaintiff owes a debt originally owed to Webbank.

14. In an attempt to collect the alleged debt, on or about September 29, 2017, Defendant sent Plaintiff the debt collection letter. **(Exhibit A)**

15. Exhibit A seeks to collect the debt.

16. Exhibit A lists the "Total Balance Due" as $21,128.49.

17. Exhibit A states the following:

**Principal Amount Due  $19,979.32**
**Interest Due     $1,117.04**
**Misc. Fee Due    $32.13**
**Total Balance Due  $21,128.49**

18. Exhibit A makes it impossible to determine the amount of the debt in that Exhibit A can be read in two different ways, one of which is false. Exhibit A can be read to mean that interest is accruing. Exhibit A can also be read to mean that interest is not accruing.

19. The language of Exhibit A, as stated above, implies that interest may be accruing. The letter however does not include the "safe harbor" language required by the FDCPA as outlined in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016).

20. In the event that interest was accruing on the debt, Exhibit A fails to include the safe harbor language as required by *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016), and this violates 15 USC 1692e, 1692e(2), 1692e(5), and 1692e(10). In the event that discovery shows that Exhibit A is the initial letter

3

to the Plaintiff, or that the initial letter included similar language, this would also violate 15 USC 1692g(a), and Plaintiff and the class assert such a claim.

21. Exhibit A additionally does not include any indication as to how the least sophisticated consumer is supposed to determine the amount of the interest and "misc. fees" that Plaintiff will be subjected to. It is not clear what "misc. fees" refers to, and as such, it is impossible for the consumer to understand whether the fee is proper. It is impossible for the consumer to understand if this "misc. fee" will continue to be charged. This failure violates 15 USC 1692e, 1692e(2), 1692e(5), and 1692e(10), as described in *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017). In the event that discovery shows that Exhibit A is the initial letter to the Plaintiff, or that the initial letter included similar language, this would also violate 15 USC 1692g(a), and Plaintiff and the class assert such a claim.

22. Because Exhibit A does not include the language clearly indicating that interest and fees will be added to the Plaintiff's account if the debt is not paid, Exhibit A violates the FDCPA.

23. In the event that interest and fees were <u>not</u> accruing, Exhibit A is false and, deceptive in that the least sophisticated consumer could reasonably read the letter to mean that interest and fees were continuing to accrue. The inclusion of the language regarding interest and "misc. fees" can be reasonably interpreted to give the false impression that interest and fees are accruing. Neither the creditor, nor the Defendant, nor anyone on their behalf, has informed the Plaintiff that interest or costs on the debt has been permanently waived. This violates 15 USC 1692e,

4

1692e(2), 1692e(5), and 1692e(10). This is also unfair and unconscionable in violation of 15 USC 1692f and 1692f(1). In the event that discovery shows that Exhibit A is the initial letter to the Plaintiff, or that the initial letter included similar language, this would also violate 15 USC 1692g(a), and Plaintiff and the class assert such a claim.

24. Exhibit A can be reasonably read in two different ways, one of which is materially false. The least sophisticated consumer is entitled to a clear description of the nature, amount, and status of their account so that they can make an informed decision about how to address the debt. The Defendant's letter deprives consumers of that information.

25. Exhibit A also violates 15 USC 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1) in that it imposes a "misc. fee."  Defendant does not convey what this "misc fee" is for, making it impossible for the Plaintiff to determine whether the fee should be disputed. The indication that the Defendant is permitted to add miscellaneous fees is false and deceptive, and violates 15 USC 1692e, 1692e(2), 1692e(5), and 1692e(10).  The imposition of this "misc. fee" is also illegal in that the Plaintiff never agreed to pay "misc. fees" nor does any law specifically authorize such a "misc. fee."  This is also unfair and unconscionable and violates 15 USC 1692f and 1692f(1).  It is also false and deceptive to indicate that the Defendant is authorized to impose a "misc. fee" which violates 15 USC 1692e, and 1692e(10). It is also misrepresents that the amount of the alleged debt which violates 15 USC 1692e 1692e(2), 1692e(5) and 1692e(10).  In the event that

discovery shows that Exhibit A is the initial letter to the Plaintiff, or that the initial letter included similar language, this would also violate 15 USC 1692g(a), and Plaintiff and the class assert such a claim.

### *Class Action Allegations*

26. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

   c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendant's records.

   d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

   e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

27. A class action is superior for the fair and efficient adjudication of the class members' claims.

28. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

6

29. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

30. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

31. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendant's records, consists of: (a) all individuals who have mailing addresses within the United States; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A attached to Plaintiff's Complaint (d) which was not returned by the postal service as undeliverable.

33. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Violations of the Fair Debt Collection Practices Act

34. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

## Class Allegations Related to Exhibit A

35. By sending Exhibit A to Plaintiff, the Defendant violated 15 USC  15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f and 15 USC 1692f(1), in that Exhibit A can be read two different ways, one of which is false. Exhibit A can be read to mean that interest is accruing, and Exhibit A can be read to mean that interest is not accruing.

36. By sending Exhibit A, the Defendant violated 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5), 15 USC 1692e(10) and 15 USC 1692f, in that, if interest was accruing, the Defendant is obligated to include language stating such, as outlined in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016). And the Defendant is obligated to state the amount of the interest or how it can be determined.  *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017)  The Defendant did not properly indicate to the Plaintiff that the alleged debt may continuing to accrue interest, nor how much.

37. If interest was not accruing, then the Defendant's letter is false and deceptive in that by including language about "Interest Due" and "Misc. Fee Due", the least sophisticated consumer could read the letter to mean that interest and fees continue to accrue.

38. By sending Exhibit A to the Plaintiff, Defendant violated 15 USC 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f and 15 USC 1692f(1), in that the letters impose a "misc fee" that was not permitted under law, nor agreed to by Plaintiff.

39. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

40. As a result of Defendant's deceptive, insidious, and unfair debt collection practices, Defendants are liable to Plaintiff and the Class.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

(A) Statutory and actual damages as provided by § 1692k of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) Declaratory relief declaring that Exhibit A and/or the initial letter Defendant sent Plaintiff violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip , New York
September 21, 2018

RESPECTFULLY SUBMITTED,

S/ JOSEPH MAURO
Joseph Mauro
The Law Offices of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
Tel: (631) 669-0921

# EXHIBIT A

PO Box 923748
Peachtree Corners, GA 300103748

| ACCOUNT INFORMATION | |
|---|---|
| New Account # | 018265537 |
| Total Balance Due | $21,128.49 |

VITAL RECOVERY SERVICES, LLC
PO BOX 923747
PEACHTREE CORS., GA 300103747

▲ Pay to ▲

Todd Kempf
35 LOUGHLIN DR
SHIRLEY, NY 11967-3334

Amount Paid: ____   Home Phone: ____
                    Daytime Phone: ____

---

September 29, 2017

Please Detach And Return in The Enclosed Envelope With Your Payment

**IMPORTANT NOTICE: PLEASE RESPOND**
**HELP YOURSELF AND CALL US ABOUT YOUR ACCOUNT.**

Dear Todd Kempf:

Your past-due account has not been paid.

If you can't pay in full today, call us anyway. We work everyday to help other people with special payment arrangements customized to fit their situations. You'll have the peace of mind of putting this obligation in the past.

**ACCOUNT SUMMARY**
**Original Creditor**
WebBank
**Current Creditor**
LendingClub Corporation
**New Account #**
018265537
**Original Account #**
73540906
**Last Payment Date**
06/26/2017
**Principal Amount Due**
$19,979.32
**Interest Due**
$1,117.04
**Misc. Fee Due**
$32.13
**Total Balance Due**
$21,128.49

**NEW YORK CITY RESIDENTS:** Kyle Sutter, Operations Manager, B: 678-578-1045.
New York City Department of Consumer Affairs License Number: 2047506-DCA

**NEW YORK STATE RESIDENTS:** Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
a) the use or threat of violence;
b) the use of obscene or profane language; and
c) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

**PAYMENT OPTIONS**

 To make a payment online:
**https://pay.vitalrecovery.com**
Sign on using payment id:
**01826553737**

 For further information or to pay by phone, please call Vital Recovery Services, LLC at **(888)297-4067.**

 Mail check or money order payable to Vital Recovery Services, LLC

**This letter is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. This communication is from a debt collector.**

  BBB RATING: A+

0013 - VITAL.wfd - 820620 - 00000070 - 1 of 1